IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID LYNN HALL, JR.                                                    PLAINTIFF

v.                        Civil No. 5:16-cv-05322

SHERIFF TIM HOLDER and,
CORPORAL TOM MULVANEY                                        DEFENDANTS

OPINION AND ORDER

This is a civil rights case filed by the Plaintiff, David Lynn Hall, Jr., under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. He is currently incarcerated in the Wrightsville Unit of the Arkansas Department of Correction.

The Prison Litigation Reform Act (PLRA) modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), Plaintiff alleges he has been illegally incarcerated since August 25, 2016, due to "fraudulent charges and fraudulent paperwork." (Doc. 1, p. 6) In his Addendum, Plaintiff indicated he was being held in the Washington County Detention Center because his parole had been revoked and he was awaiting transport to the ADC. (Doc. 7, p. 1) Plaintiff further stated he committed a technical violation and signed for a six month parole violation. He argues his sentencing

and discharge date from his original sentence were only to be changed by his sentencing judge. (Doc. 7, p. 2)

As relief, Plaintiff asks for a formal written apology from Defendant Mulvaney for violating his consitutional rights by incarcerating him illegally with fraudulent paperwork. (Doc. 1, p. 18)

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the Court bears in mind that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.

Plaintiff alleges he was illegally incarcerated, and further challenges the duration of

his sentence for a parole violation. He does not allege that his parole violation or the sentence for it have been reversed, expunged, declared invalid, or called into question by a federal court. His claim is therefore barred by the *Heck* doctrine.

### III. CONCLUSION

The Complaint fails to state a cognizable claim under § 1983 and is frivolous and/or asserted against an individual immune from suit. The case is **DISMISSED WITHOUT PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(I)-(iii) (IFP action may be dismissed at any time due to frivolousness or for failure to state a claim).

**IT IS SO ORDERED** on this 15th day of December, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE